**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE KASHIA JV4 LLC; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.;<br><br>Defendants. | CIVIL ACTION NO: 8:24-cv-1163 (GTS/DJS)<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, by way of Complaint against the Defendants say:

**JURISDICTION**

1. This Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. § 1346(b(1).

**VENUE**

2. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §1391(e)(1) as the United States is a defendant and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

**PARTIES**

3. Plaintiff, Sheryl Thompson, is an adult individual, mother of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

4. Plaintiff, Frank Robertson, is an adult individual, father of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

5. Defendant, United States of America, ("USA"), through its agency(ies)/instrumentality(ies), United States Customs and Border Protection and/or United States Department of Transportation, was responsible for the construction, installation, maintenance, repair, upkeep, operation, control, and/or use of the traffic control blocking mechanisms and/or barricades and/or traffic control gate(s) ("Traffic Control Gate") at or near the Three Nations Bridge Border Crossing, f/k/a The Seaway Bridge. Pursuant to 28 U.S.C. § 1346(b)(1), the United States of America is an appropriate Defendant. Defendant USA may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered and certified mail to the Attorney General of the United States.

6. Defendant, United States Customs and Border Protection ("CBP") is an agency within the meaning of 5 U.S.C. § 552(1)(f). Defendant CBP is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered and certified mail to the Attorney General of the United States.

7. Defendant, United States Department of Transportation ("USDOT"), is an agency within the meaning of 5 U.S.C. § 552(1)(f). Defendant USDOT is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered and certified mail to the Attorney General of the United States.

8. Defendant, State of New York ("NY"), has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

9. Defendant, New York State Department of Transportation ("NYDOT"), is an agency/instrumentality of the State of New York and has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

10. Defendant, County of St. Lawrence ("St. Lawrence"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other

interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

11. Defendant, Town of Massena ("Massena"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

12. Defendant, Gilbane Building Company, ("Gilbane") is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business located at 7 Jackson Walkway, Providence, RI, 02903 and New York Registered agent for service at C T Corporation System, 28 Liberty Street, New York, NY 10005.

13. Defendant, Smith-Miller + Hawkinson Architects LLP ("SMH"), is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business located at 305 Canal Street, New York, NY 10013.

14. Defendant, Northland Associates, Inc. ("Northland"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 4701 Buckley Road, Liverpool, NY 13088.

15. Defendant, Rifenburg Construction Inc. ("Rifenburg"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 125 Defreest Drive, Troy, NY 12180.

16. Defendant Abide International Inc. ("Abide") is a corporation organized and existing under the laws of the State of Washington, with a principal place of business located at 561 1st Street West, Sonoma, CA 95476.

17. Defendant Abide-Kashia JV2 LLC ("Abide-Kashia JV2") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

18. Defendant Abide-Kashia JV3 LLC ("Abide-Kashia JV3") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

19. Defendant Abide-Kashia JV4 LLC ("Abide-Kashia JV4") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

20. Defendant, Great Lakes St. Lawrence Seaway Development Corp. ("Great Lakes"), is a division, agency, subdivision, or other instrumentality of the Defendant USDOT.

**FACTUAL AVERMENTS**

21. On or about September 24, 2022, Aspen Robertson, was operating a vehicle on or around Seaway International Bridge Road, in the Town of Massena, State of New York.

22. While driving on Seaway International Bridge Road, Aspen Robertson struck a traffic control gate that was improperly, negligently, carelessly and/or recklessly designed,

installed, maintained and/or positioned in such a way as to pose an unreasonable danger to the motoring public.

23. At all times relevant hereto, the traffic control gate was designed, installed, operated, controlled, supervised, maintained, located, repaired, and/or otherwise kept by the Defendants USA, CBP, USDOT, NY, NYDOT, St. Lawrence, Massena, Gilbane, SMH, Northland, Rifenburg, Abide, Abide-Kashia JV2, Abide-Kashia JV3, Abide-Kashia JV4, and/or Great Lakes (each a "Defendant" and collectively, the "Defendants").

24. At all times relevant hereto, the land upon which the traffic control gate was situated was installed, operated, maintained, repaired, owned and/or controlled by each, all and/or any of the Defendants.

25. As a result of striking the traffic control gate, Aspen Robertson suffered catastrophic injuries resulting in his death.

26. On October 31, 2021, the Plaintiffs, Sheryl Thompson and Frank Robertson were named administrators of the Estate of Aspen Robertson pursuant to the *Indian Act*, R.S.C. 1985, C. I-5.

27. Plaintiffs, Sheryl Thompson and Frank Robertson have applied to be named as administrator of the Estate of Aspen Robertson pursuant to the laws of the State of New York.

28. The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, make this complaint for both wrongful death and survival damages.

## FIRST COUNT

29. Plaintiffs repeat and realleges the factual recitations of the preceding paragraphs of the Complaint as if set forth herein at length.

30. At all times relevant hereto, Defendants designed, installed, operated, controlled, maintained, supervised, located, repaired, and/or otherwise kept the traffic control gate.

31. At all times relevant hereto, Defendants owned and/or controlled the land upon which the traffic control gate was situated.

32. Defendants, were negligent, careless, and/or reckless in that Defendants:

- caused, created, and/or permitted unsafe, dangerous and hazardous conditions and defects to exist with regards to the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- failed to warn of such dangerous and hazardous conditions; and/or
- failed to make proper inspection of the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- negligently hired employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently supervised employees with regards to the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently retained employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or

- otherwise acted negligently, carelessly, recklessly, and with such callous disregard such that they wrongfully caused Aspen Robertson to come into contact with such dangerous and hazardous conditions and defects; and/or
- were otherwise inattentive, reckless, careless, negligent and/or grossly negligent.

33. As a direct and proximate result of the negligence, carelessness, gross negligence and/or recklessness of the Defendants, aforesaid, Aspen Robertson, was caused to suffer catastrophic injuries resulting in his death.

34. Before his death, Aspen Robertson suffered physical pain, mental anguish, and fear of impending death.

35. As a result of Aspen Robertson's death, he, his heirs, and his beneficiaries were deprived of the future earnings he would have derived throughout his life.

36. As a result of Aspen Robertson's death, Plaintiffs Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, as well as other heirs and beneficiaries, have suffered both tangible and intangible losses and damages including, without limitation, loss of companionship, loss of advice and guidance, and loss of future earning capacity.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants individually, jointly, severally and/or for wrongful death damages, survival damages, counsel fees, interest and costs of suit.

**JURY DEMAND**

The Plaintiffs hereby demand a trial by jury as to all issues pursuant to F.R.C.P. 38.

**DESIGNATION OF TRIAL COUNSEL**

Kevin Nichols, Esquire, is hereby designated as trial counsel on behalf of the Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson.

**CERTIFICATION**

In accordance with F.R.C.P. 11, the undersigned hereby certifies as follows:

1. I have read the content of the above pleading.

2. To the best of my knowledge, information and/or belief, formed after reasonable inquiry, this pleading is well grounded in fact and warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law.

3. It is not intended for any improper purpose such as to harass or to cause unnecessary delay or cost to litigation.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: / s/ *Kevin Nichols*
KEVIN NICHOLS, ESQ.

Dated: September 22, 2024