UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHERYL THOMPSON, individually and as administrator of the estate of Aspen Robertson; FRANK ROBERTSON, individually and as administrator of the estate of Aspen Robertson; and ESTATE OF ASPEN ROBERTSON,

                Plaintiffs,

v.                                                                                          8:24-CV-1163
                                                                                            (GTS/DJS)
UNITED STATES OF AMERICA; GILBANE BUILDING COMPANY; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; and ABIDE-KASHIA JV4 LLC,

                Defendants.
_____

APPEARANCES:                                                          OF COUNSEL:

NICHOLS LAW FIRM PLLC                                                 KEVIN F. NICHOLS, ESQ.
  Counsel for Plaintiffs
16 Elm Street
Malone, NY 12953

STARK & STARK, P.C.                                                   DEBORAH DUNN, ESQ.
  Co-Counsel for Plaintiffs
401 Route 73 North
Marlton, NJ 08053

UNITED STATES ATTORNEY'S OFFICE                                       DAVID M. KATZ, ESQ.
NORTHERN DISTRICT OF NEW YORK                                         Assistant U.S. Attorney
  Counsel for Defendant United States of America
100 South Clinton Street
Syracuse, NY 13261-7198

ROPERS MAJESKI PC                                                     SCOTT LAIRD, ESQ.
  Counsel for Defendant Gilbane                                       ANDREW L. MARGULIS, ESQ.
800 Third Avenue, 29th Floor

New York, New York 10022

| | |
|---|---|
| HARTER, SECREST & EMERY LLP<br>  Counsel for Defendant Smith-Miller + Hawkinson<br>1600 Bausch and Lomb Place<br>Rochester, NY 14604-2711 | PETER H. ABDELLA, ESQ.<br>CHRISTINA M. DEATS, ESQ.<br>KATHERINE RAHMLOW, ESQ. |
| COSTELLO, COONEY & FEARON, PLLC<br>  Counsel for Defendant Northland<br>211 West Jefferson Street<br>Syracuse, NY 13202 | KELLY JOSEPH PARE, ESQ.<br>ELIZABETH A. HOFFMAN, ESQ. |
| BURKE, SCOLAMIERO LAW FIRM<br>  Counsel for Defendant Rifenburg<br>7 Washington Square<br>Albany, NY 12205 | JUDITH B. AUMAND, ESQ.<br>KEVIN P. BURKE, ESQ. |
| RUSSO & GOULD, LLP<br>  Counsel for Abide Defendants<br>484 Delaware Avenue, 3rd Floor<br>Buffalo, NY 14202 | TRISHE HYNES, ESQ.<br>KEVIN G. HORBATIUK, ESQ, |

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this wrongful death action filed by Sheryl Thompson, Frank Robertson, and the Estate of Aspen Robertson (collectively, "Plaintiffs") against the United States of America, Gilbane Building Company, Smith-Miller + Hawkinson Architects LLP ("SMH"), Northland Associates, Inc., Rifenburg Construction Inc., Abide International Inc., Abide-Kashia JV2 LLC, Abide-Kashia JV3 LLC, and Abide-Kashia JV4 LLC (collectively, "Defendants"), is Defendant Gilbane's motion for sanctions. (Dkt. No. 133.) For the reasons set forth below, Defendant Gilbane's motion is granted in part and denied in part.

## I.    RELEVANT BACKGROUND

### A.    History of Defendant Gilbane's Motion

Defendant Gilbane initially filed a motion for sanctions as part of its motion for summary judgment on April 7, 2025. (Dkt. No. 97.) However, it refiled the motion for sanctions as a separate motion on April 30, 2025, in accordance with Fed. R. Civ. P. 11(c)(2). (Dkt. No. 115.) In its Decision and Order of September 17, 2025, the Court granted that motion for sanctions, finding that Plaintiffs' counsel had acted inappropriately in continuing to pursue Plaintiffs' claims against Defendant Gilbane in spite of evidence that it had no involvement in the design or construction of the relevant traffic control gate. (Dkt. No. 131.) Defendant Gilbane has now filed the current motion seeking a particular amount of sanctions in accordance with that Order. (Dkt. No. 133.)

### B. Parties' Briefing on Defendant Gilbane's Motion

#### 1. Declaration of Scott J. Laird

Generally, in support of its motion, Defendant Gilbane asserts that, consistent with the Court's Decision and Order, it is entitled to sanctions against Deborah Dunn, Esq., and the law firm she is affiliated with, in the amount of $13,680.00, which encompasses the time its counsel spent to prepare its motion for summary judgment and prior motion for sanctions. (Dkt. No. 133, Attach. 1.)

#### 2. Plaintiffs' Opposition Letter-Brief

Generally, in opposition to Defendant Gilbane's motion, Plaintiffs argue that the amount requested by Defendant Gilbane should be reduced because (a) some entries regard work that is not related to the relevant motions, (b) some entries represent duplicative billing, particularly by charging for preparing the sanctions motion both as part of the motion for summary judgment and when it was subsequently refiled as a separate motion, and by charging for reviewing the

3

same documents more than once, and (c) some entries are too vaguely described to provide the ability to assess whether they fall within the limited scope of the Court's sanctions Order. (Dkt. No. 136.)

### 3. Defendant Gilbane's Reply Letter-Brief

Generally, in reply to Plaintiffs' opposition, Defendant Gilbane argues that (a) reviewing the motions and papers filed by the other parties was a necessary part of crafting its own motion for summary judgment because they (and the evidence they contained) informed Defendant Gilbane's arguments in that motion, (b) its entries are not duplicative because it is common practice to perform tasks over multiple days, and (c) to the extent any entries are vague, the Court may request further clarification of those. (Dkt. No. 140.)

## II. ANALYSIS

In its Decision and Order of September 17, 2025,[1] the Court granted Defendant Gilbane's motion for sanctions and ordered Plaintiffs' counsel "to pay Defendant Gilbane's reasonable attorney's fees and costs related specifically to the motion for summary judgment and this motion for sanctions, but not for any work performed prior to that." (Dkt. No. 131, at 66.) Defendant Gilbane has now filed a motion seeking attorney's fees in accordance with that order.

"When a court determines that attorney's fees and costs should be used as sanctions under Rule 11, the award should be based both on the total amount of reasonable attorneys' fees and costs attributable to the sanctioned party's misconduct and the amount needed to serve the deterrent purposes of Rule 11." *Offor v. Mercy Med. Ctr.*, 327 F.R.D. 32, 34 (E.D.N.Y. 2018)

---

[1] A redacted version of this Decision and Order was subsequently filed on September 30, 2025. (Dkt. No. 131.)

(citing *Eastway Constr. Corp. v. City of New York*, 821 F.2d 121, 122-23 [2d Cir. 1987]). A "'presumptively reasonable fee' is 'comprised of a reasonable hourly rate multiplied by a reasonable number of expended hours.'" *Offor*, 327 F.R.D. at 24 (citing *Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 164 [E.D.N.Y. 2008]); *accord Brooks v. Roberts*, 501 F. Supp. 3d 103 111 (N.D.N.Y. 2020) (Hurd, J.).

In determining the reasonable hourly rate, the Second Circuit requires courts to assess the reasonable hourly rate in the relevant district. *Brooks*, 501 F. Supp. 3d at 113. "'A review of cases in this District indicates that the following hourly rates (or rate ranges) are reasonable: $250-$350 for partners; $165-$200 for associates; and $80-$95 for paralegals, legal assistants, and other paraprofessionals.'" *Malik v. Ayuryoga, Inc.*, 25-CV-0076, 2025 WL 2029237, at *5 (N.D.N.Y. July 21, 2025) (Nardacci, J.) (quoting *UFCW Local One Health Care Fund v. Greene Great American*, 23-CV-1441, 2025 WL 1506163, at *5 [N.D.N.Y. May 27, 2025] [Sannes, C.J.]).

Here, Attorney Laird has billed at a rate of $300 per hour. Defendant Gilbane's submission does not provide any information regarding Attorney Laird's experience or qualifications other than to state that he is an "Of Counsel" for the relevant law firm, which places him somewhat outside of the neat hierarchical framework noted above. However, Plaintiffs notably have not raised any challenge to the reasonableness of the requested hourly rate despite making numerous arguments regarding why the time expended was not reasonable or not within the scope of the Court's grant of sanctions. (Dkt. No. 136.) Because the requested rate does not appear to be out of proportion with what has been considered to be generally reasonable

within the Northern District of New York or what a typical client would reasonably pay for the work performed, the Court finds it is appropriate here.

As to whether the hours requested were reasonably expended, the Court finds that, after careful review of the contemporaneous time records submitted with Defendant Gilbane's motion, 9.6 hours should be deducted from the requested total of 45.6 hours. This deduction accounts for the following non-compensable entries: (a) time spent drafting the sanctions portion of the motion for summary judgment, which is duplicative of time claimed for the subsequent separately filed motion for sanctions (given that the originally combined motion was not proper under Fed. R. Civ. P. 11(c)(2) and Defendant Gilbane was itself responsible for the expenditure of that duplicative work); (b) time spent on "status reports," which do not appear to have been filed on the docket or been ordered by the Court and therefore have questionable relevance to the scope of the sanction order here; (c) time spent reviewing certain docket entries and orders (specifically conducted on April 14, 2025) that do not appear to relate to either the motion for summary judgment or the motion for sanctions; (d) time spent performing research regarding Atlas Fence, which appears unnecessary to the issues here given that Defendant Gilbane asserts that the evidence indicated that it was the Abide Defendants who were responsible for the design and construction of the relevant traffic control gate, and particularly because this review occurred after Defendant Gilbane's motion for summary judgment was already fully briefed and thus this review could not have informed their arguments on the merits of Plaintiffs' claims; and (e) time expended reviewing motion papers related to the dispositive motions filed by Defendants Northland and Rifenburg because such review occurred after both the motion for summary judgment and motion for sanctions had been fully briefed and thus does not appear necessary to

their work on either of those motions.  As a result, the Court finds that 36 hours were reasonably expended related to the motion for summary judgment and motion for sanctions.

For all the above reasons, the Court grants Defendant Gilbane's motion in part, but denies it to the extent of the amount requested, finding an award of $10,800.00 (representing a reduction of $2,880.00 as a result of the time entries the Court found to be not reasonably compensable or within the scope of the sanctions order) to be presumptively reasonable based on the information provided with the motion.

**ACCORDINGLY**, it is

**ORDERED** that Defendant Gilbane's motion for sanctions (Dkt. No. 133) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiffs' counsel (Deborah Dunn, Esq., and her law firm, Stark & Stark) shall pay attorney's fees to Roper Majeski PC in the amount of TEN THOUSAND EIGHT HUNDRED DOLLARS AND ZERO CENTS ($10,800.00).

Dated: December 30, 2025
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge